UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHERYL NEELY | * | CIVIL ACTION NO. 2013-3009 |
|     Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE: IVAN L.R. LEMELLE |
| | * | |
| SOUTHERN FIDELITY INSURANCE | * | |
| COMPANY | * | |
|     Defendant | * | MAGISTRATE: JOSEPH C. WILKINSON, JR. |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL DEPOSITION**

NOW INTO COURT, through undersigned counsel, comes defendant, Southern Fidelity Insurance Company ("SFIC"), who moves this Honorable Court to compel the in person deposition of plaintiff, Sheryl Neely.

**I.  Factual and Procedural History**

Plaintiff, Sheryl Neely, filed her Petition for Damages in the Civil District Court for the Parish of Orleans on or about March 15, 2013.[1] In the petition, Sheryl Neely ("plaintiff"), seeks recovery for losses or damages incurred as a result of the damage to her property allegedly caused by Hurricane Isaac and SFIC's alleged arbitrary and capricious conduct as her insurer in failing to pay for the damage to the property, contents and loss of use of the property located at 3017-19 Bienville Street, New Orleans, Louisiana.[2]

---

[1] Rec. Doc. 1, Exhibit "A".
[2] *Id.*

On July 25, 2013, undersigned counsel sent correspondence to plaintiff's counsel requesting multiple dates and times to schedule plaintiff's deposition.[3]  On July 31, 2013, plaintiff's counsel sent correspondence to undersigned counsel stating on belief that defendant would be better served by deposing plaintiff's son rather than the plaintiff.[4]  On August 1, 2013 plaintiff's counsel sent a request for defendant to pay for plaintiff's travel expenses for her deposition to take place in New Orleans, Louisiana.[5]  On August 20, 2013, undersigned counsel sent a letter to plaintiff's counsel rejecting plaintiff's offer for defendant to fund plaintiff's travel expenses for her deposition.[6]

As a result of this correspondence, undersigned counsel set a FRCP 37.1 discovery conference in order to discuss the location of plaintiff's deposition on August 29, 2013.

At this time, plaintiff is not willing to travel to Louisiana for her deposition.  As is more fully stated below, SFIC is entitled to take plaintiff's deposition, in person, in the forum in which plaintiff filed suit.

## II.     Law and Analysis

As a general rule, a plaintiff will be required to make himself available for examination in the forum in which suit was brought.[7]  Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.[8]  Because the plaintiff often chooses the forum, he will more likely be required to attend his deposition when set in the forum district.[9]

---

[3] July 25, 2013 correspondence from undersigned counsel to plaintiff's counsel, Exhibit "1".
[4] July 31, 2013 correspondence from plaintiff's counsel to undersigned counsel, Exhibit "2".
[5] August 22, 2013 correspondence from undersigned counsel to plaintiff's counsel, Exhibit "3".
[6] *Id.*
[7] *Xavier v. Belfor USA Group, Inc.,* Nos. 06–0491, 06–7804 & 08–3736, 2009 WL 3231547 (E.D.La. Oct. 2, 2009); *Williams v. Sprint/United Mgmt. Co.,* No. 03–2200, 2006 U.S. Dist. LEXIS 44951.
[8] *Stubbs v. McDonald's Corp.,* 2005 WL 375662, at *1 (D.Kan. Jan.26, 2005); *accord* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2112 at 75–77 (2nd ed.1994).
[9] *Turner v. Prudential Ins. Co. of Am.,* 119 F.R.D. 381, 383 (M.D.N.C.1988).

Further, absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the deposition of an out-of-town plaintiff be taken telephonically is not warranted.[10] The ability to observe a party as he or she answers deposition questions is an important aspect of discovery which the Court will not modify except in cases of extreme hardship.[11]

In the instant matter, plaintiff should be required to appear for a deposition in the forum in which she filed suit. A telephone or video deposition is not a comparable option, as defendant is unable to fully see the plaintiff, read all of her non-verbal cues, or tell whether plaintiff is being coached. Additionally, as this case is document intensive, defendant must be able to have the opportunity to hand documents over to plaintiff during the deposition. Further, defendant should not be required to incur the cost and expense of plaintiff's travel for the purpose of taking her deposition in the forum in which she chose to file suit. Accordingly, plaintiff should be required to appear for an in person deposition in the forum in which she filed suit.

### III.  Conclusion

Plaintiff, Sheryl Neely, filed the instant lawsuit in New Orleans, Louisiana. As a result, she should be required to make herself available for examination in the forum in which she filed suit. While plaintiff has suggested that a telephone or video deposition is comparable, defendant respectfully argues that it is not. Further, plaintiff has not shown any hardship tied to her circumstances that prevents her from traveling to Louisiana. As a result, defendant should be entitled to depose plaintiff, in person, in the forum in which she filed suit. For the reasons stated above, SFIC respectfully requests this Honorable Court to grant this Motion compelling plaintiff's deposition in New Orleans, Louisiana, the city in which she filed suit.

---

[10] *Caraway v. Chesapeake Exploration, LLC,* 269 F.R.D. 627 (E.D.Tex.2010).
[11] *Thompson v. Jiffy Lube Int'l, Inc.,* No. 05–1203, 2007 WL 608343, (quotations omitted).

Respectfully submitted:

___/s/ Matthew D. Monson_____
**MATTHEW D. MONSON (25186), T.A.**
**DONALD J. LATUSO, JR. (31495)**
**LAURA H. ABEL (33175)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone:    (985) 778-0678
Facsimile:     (985) 778-0682
Email: matthew@monsonfirm.com
           donald@monsonfirm.com
           laura@monsonfirm.com
*Counsel for Southern Fidelity Insurance Company*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served on all counsel of record by email, facsimile and/or mailing a copy of same in the U.S. Mail, properly addressed and postage prepaid, this 24th day of September, 2013.

__/s/ Matthew D. Monson_____