MINUTE ENTRY
WILKINSON, M. J.
OCTOBER 30, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERYL NEELY | CIVIL ACTION |
| VERSUS | NO. 13-3009 |
| SOUTHERN FIDELITY INSURANCE COMPANY | SECTION "B" (2) |

# HEARING AND ORDER ON MOTION

APPEARANCES: Louis L. Gertler, representing plaintiff; Matthew D. Monson, representing defendant

MOTION: Defendant's Motion for Compel Deposition, Record Doc. No. 8

O R D E R E D:

 XXX : DENIED, subject to the order contained herein. There is no hard and fast rule concerning where a party must be deposed or requiring that a party must appear in the district where the suit is being prosecuted for deposition. As with all depositions, the notice must be "reasonable" as to time and place, Fed. R. Civ. P. 30(b)(1), and reasonableness depends upon the circumstances of the particular case.

In this case, I decline to order plaintiff to incur the substantial expense, burden and inconvenience of traveling from her home in Los Angeles to New Orleans to be deposed. Plaintiff's affidavit establishes that she is a 66-year-old retired schoolteacher with caregiver responsibilities in Los Angeles who is an absentee owner with limited contact with the subject property and limited knowledge of the facts relevant to this Hurricane Isaac claim. She filed suit in this district, rather than in Los Angeles, not to inconvenience defendant, but because the investment rental property she owns that is the subject of this insurance

MJSTAR:  0 : 10

claim arising from Hurricane Isaac is located in New Orleans, and her son, the property's manager who has superior knowledge relating to the claim, resides here. The reasons advanced by defendant in support of its motion to require plaintiff to come to New Orleans for her deposition are wholly unpersuasive. Plaintiff's deposition testimony can certainly be obtained just as effectively and much more conveniently and less expensively if it is taken "by telephone or other remote [electronic] means" and videotaped, as expressly permitted and contemplated by Fed. R. Civ. P. 30(b)(3) and (4). Under these circumstances, the hardship to plaintiff of requiring her to travel to New Orleans to be deposed outweighs the minimal prejudice, if any, to defendant.

Accordingly, defendant's motion is DENIED. **IT IS ORDERED** that, as soon as possible after receipt of this order, counsel for both sides must confer to agree upon a date for plaintiff's deposition to be taken by telephone or other remote electronic means, defendant to bear all costs, with plaintiff appearing at a place that is convenient for her in Los Angeles, absent some subsequent agreement between the parties concerning this issue. Counsel may participate either in person in Los Angeles (at their expense) or by telephone or other electronic means, as they see fit.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE